IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANTHONY LAWS     PLAINTIFF

VS.     CASE NO.:2:10-CV-82-P-A

DAVIDSON LADDERS, INC.,     DEFENDANTS
DISCOUNT LUMBER & HARDWARE,
LOUISVILLE LADDER, INC.,
HARDWARE DISTRIBUTION WAREHOUSES, INC.
d/b/a HDW, INC., AND JOHN DOES 1-10

## ORDER

This matter is before the court on motion of defendant Discount Lumber & Hardware for limited narrowly-tailored remand related discovery. After considering the motion and the response thereto, the court finds as follows:

The defendant seeks to depose the plaintiff to ask roughly twenty questions ranging from how Mr. Laws purchased the defective product to what Mr. Laws did and did not know about the latent defect, as well as review of photographs on record in this case. In considering the motion, the court considers how this deposition would impact the claims against discount lumber; their knowledge of the mislabeling; their actual and constructive knowledge of the product defect; their actual and constructive notice withing the industry; and breach of warranty.

Pursuant to *Smallwood v. Illinois Railroad Company*, 385 F.3d 568 (5th Cir. 2004), motions for remand related discovery should rarely be granted. Remand related discovery is only permitted in rare cases, few in number, and is ordinarily inappropriate in the fraudulent joinder context. *Id*. at 573. The court in *Smallwood* noted that a summary inquiry is appropriate only to identify the presence of discreet and undisputed facts, and should not entail substantial hearings. *Id*. Specifically, the court noted that:

> Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of necessity. Attempting to proceed beyond the summary process carries the

> heavy risk of moving the court beyond jurisdiction and into a resolution of the merits.

*Id*. at 574.

The defendant's request puts the court in the position of deciding the merits of the case. There has to date already been a substantial amount of discovery conducted through affidavits, sworn statements and memoranda, and the topical deposition of the plaintiff would not shed new light on the claims against the defendant without getting into the merits of the case.

Accordingly, the motion shall be DENIED.

SO ORDERED, this the 11th day of August 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE