IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANTHONY LAWS,                                                               PLAINTIFF,

VS.                                                 CIVIL ACTION NO. 2:10CV082-P-A

DAVISON LADDERS, INC.;
DISCOUNT LUMBER & HARDWARE;
LOUISVILLE LADDER, INC.;
HARDWARE DISTRIBUTION WAREHOUSES, INC.
d/b/a HDW, INC.; and
JOHN DOES 1-10,                                          DEFENDANTS.

## ORDER OF REMAND

This matter comes before the court upon the plaintiff's May 24, 2010 motion to remand [10]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff, a resident of Florida, filed the instant action in the Circuit Court of Tallahatchie County, Mississippi on April 7, 2010 against Davidson Ladders, Inc., a Tennessee resident; Discount Lumber & Hardware, a Mississippi resident; Louisville Ladder, Inc., a Delaware and Kentucky resident; and Hardware Distribution Warehouses, Inc., doing business as HDW, Inc., a Louisiana resident. The plaintiff alleges strict liability, negligence, res ipsa loquitur, breach of the implied warranties of merchantability and fitness for a particular purpose, misrepresentation, and concealment against all defendants in relation to an allegedly defective ladder that caused injury to the plaintiff.

On May 10, 2010 Davidson Ladders and Louisville Ladder removed this action to federal court, arguing diversity jurisdiction. More exactly, the defendants argue that the Mississippi seller of the ladder, Discount Lumber & Hardware, was improperly joined since pursuant to Miss. Code

Ann. § 11-1-63(b), Discount Lumber & Hardware is an innocent seller.

The test for improper joinder is: "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

In determining whether a plaintiff's claim against an resident defendant has a reasonable possibility of recovery, the court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart v. Bayer Corp.*, 19 F.3d 239, 246 (5th Cir. 2000).

In his May 24, 2010 motion to remand, the plaintiff argues *inter alia* that there is a reasonable possibility of recovery against the Mississippi-resident defendant because Discount Lumber & Hardware itself mis-labeled the subject ladder as a Type 1 ladder (heavy duty) when in fact it was a Type 2 ladder (medium duty). Therefore, the plaintiff argues, Mississippi's innocent seller provision does not immunize Discount Lumber.

The court concludes that the plaintiff has met his burden in showing a reasonable possibility of recovery against Discount Lumber & Hardware. Accordingly, this defendant was not improperly joined and this matter should be remanded to the State court from whence it came.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's May 24, 2010 motion to remand [10] is **GRANTED**; therefore,

(2) This matter is **REMANDED** to the Circuit Court of Tallahatchie County, Mississippi;

and

       (3) This case is **CLOSED**.

       **SO ORDERED** this the 15th day of October, A.D., 2010.

                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE